# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHAD A. TUBBS,

    Defendant.

Case No. 2:18-cr-45

JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Chad A. Tubbs' pro se Motion for Compassionate Release. (ECF No. 33). The Government opposes release. (ECF No. 38). For the reasons stated below, the Court **DENIES** Mr. Tubbs' Motion for Compassionate Release. (ECF No. 33).

This matter is also before the Court on Mr. Tubbs' pro se Motion to Temporarily Exempt F.R.P. Obligations. (ECF No. 37). The Court previously ordered Mr. Tubbs to pay a $100 special assessment, which he has already paid in full. The Court did not order Mr. Tubbs to pay any restitution. Because the Court cannot temporarily exempt an obligation that it never imposed, the Motion to Temporarily Exempt F.R.P. Obligations is **DENIED**.

## I.

On August 2, 2018, Mr. Tubbs pleaded guilty to possessing with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (ECF No. 18; ECF No. 2). This Court sentenced Mr. Tubbs to a 30-month term of imprisonment. (ECF No. 29). He is now serving his sentence at FCI Morgantown and has a release date of July 28, 2021. Due

1

to the COVID-19 pandemic and his alleged bronchitis, Mr. Tubbs now asks the Court for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must

initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Mr. Tubbs requests a compassionate release to home confinement. He asserts that a compassionate release is warranted because he has been diagnosed with bronchitis and he fears that if he contracts COVID-19 he will suffer a rapid, severe reaction that could lead to his death. (ECF No. 33 at PageID #115–16). Mr. Tubbs is 36 years old.

As an initial matter, Mr. Tubbs submitted a request for compassionate release to his warden in April of 2020 and it was denied. (Gov. Resp., ECF No. 38 at PageID #147). Since Mr. Tubbs' April submission, "the lapse of 30 days" has occurred. 18 U.S.C. § 3582(c)(1)(A). The

Government does not dispute that Mr. Tubbs' current request may properly be considered by this Court. (ECF No. 38 at PageID #150).

The Government opposes Mr. Tubbs' release on the merits. It argues that there are not extraordinary and compelling reasons for Mr. Tubbs' release, and that even if there were, the sentencing factors counsel against his release. (*Id.* at PageID #145). The Court agrees.

When an inmate files a motion for compassionate release—as Mr. Tubbs has done here—the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 2020 WL 6817488, at *9. In defining "extraordinary and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety).

In this case, Mr. Tubbs has not demonstrated extraordinary and compelling reasons warranting a compassionate release. Mr. Tubbs asserts that he has bronchitis, but the medical records he submits are several years old and vary in diagnosis. (*See* ECF No. 33 at PageID # 118, 121, 123, 127, 130). The Government is skeptical that Mr. Tubbs has bronchitis. (*See* ECF No. 38 at PageID #146). Having reviewed the record submitted by Mr. Tubbs, the Court cannot find any evidence that Mr. Tubbs currently has bronchitis.

The fear of contracting COVID-19 is shared by many, both in the prisons and in the general population. That fear is entirely rational. However, the danger presented by this pandemic would

not be lessened by a general release of all persons incarcerated. As a general matter, this Court is not inclined to find extraordinary and compelling reasons warrant an inmate's release unless COVID-19 presents a particularized risk to that inmate, or justice otherwise so requires. Absent evidence that Mr. Tubbs presently suffers from Bronchitis, this Court cannot find that COVID-19 poses him a particularized risk, and thus cannot find that "extraordinary and compelling reasons" warrant his release. 18 U.S.C. § 3582(c)(1)(A)(i).

## IV.

Accordingly, the Court **DENIES** Mr. Tubbs' Motion for Compassionate Release. (ECF No. 33). Additionally, for the reason stated above, Mr. Tubbs' Motion to Temporarily Exempt F.R.P. Obligations is also **DENIED**. (ECF No. 37).

**IT IS SO ORDERED.**

**12/16/2020**                                             s/Edmund A. Sargus, Jr.
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**